**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

       - against -                    **12 Cr. 117 (JGK)**

**WILLIAM MASSO,**                    **MEMORANDUM OPINION AND ORDER**

          **Defendant.**

**JOHN G. KOELTL, District Judge:**

The defendant moves to correct his sentence pursuant to Federal Rule of Criminal Procedure 36 which gives the Court the power to correct a clerical error in a judgment or order. The defendant argues that he should be afforded credit for the time that he spent in home confinement prior to the time that his sentence was imposed.

The application is actually for the Court to reduce the defendant's sentence by crediting him with time spent in home confinement prior to the sentence. That is plainly not the correction of a judgment for clerical error. Moreover, the date from which a defendant's time is measured to begin the defendant's sentence is a matter committed to the Bureau of Prisons. See United States v. Whaley, 148 F.3d 205, 207-07 (2d Cir. 1998); see also United States v. Gullatti, No. 06 CR. 481, 2009 WL 3490285, at *1 (S.D.N.Y. Oct. 28, 2009).

Furthermore, time spent in home confinement is generally not considered to be time in prison for which the defendant is afforded credit. See United States v. Edwards, 960 F.2d 278,

283 (2d Cir. 1992), rev'd on other grounds by United States v. Wilson, 503 U.S. 329 (1992).

The defendant's application for the alleged correction of his judgment of conviction is **denied**.  The defendant may, of course, make any applications to the Bureau of Prisons.

**SO ORDERED.**

**Dated:	New York, New York
	April 1, 2013**	_____/s/_____
	**John G. Koeltl
	United States District Judge**